IGNACIA S. MORENO
Assistant Attorney General

KEVIN W. McARDLE, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
601 D Street, NW, Third Floor
Washington, DC 20004
Tele: (202) 305-0219
Fax: (202) 305-0275
kevin.mcardle@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, SURFRIDER FOUNDATION, and PACIFIC ENVIRONMENT,<br><br>             Plaintiffs,<br><br>     v.<br><br>BOB PERCIASEPE, in his official capacity as Acting Administrator of the United States Environmental Protection Agency; the ENVIRONMENTAL PROTECTION AGENCY; ROBERT J. PAPP, in his official capacity as Commandant o the United States Coast Guard; and the UNITED STATES COAST GUARD,<br><br>             Defendants. | Case No. 3:12-cv-01920-WHA<br><br>SETTLEMENT AGREEMENT AND [~~PROPOSED~~] ORDER |

SETTLEMENT AGREEMENT AND
[PROPOSED] ORDER
Case No. 3:12-cv-01920-WHA

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611

1   Plaintiffs, the Center for Biological Diversity, *et al.*, and Defendants, the Environmental
2   Protection Agency ("EPA") and the United States Coast Guard ("Coast Guard"), *et al.*, by and
3   through their undersigned counsel, state as follows:

4   WHEREAS, on April 18, 2012, Plaintiffs filed a Complaint containing four claims for
5   relief and alleging violations of Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. §
6   1536, relating to Defendants' alleged actions and inactions pertaining to the use of dispersants
7   under Section 1321 of the Clean Water Act, 33 U.S.C. § 1321, and the National Oil and
8   Hazardous Substances Pollution Contingency Plan ("NCP");

9   WHEREAS, by Order dated September 4, 2012 (ECF No. 33), the Court granted
10  Defendants' motion to dismiss Plaintiffs' First Claim for Relief;

11  WHEREAS, Plaintiffs' Second, Third, and Fourth claims for relief allege, *inter alia*, that
12  Defendants have violated ESA Section 7(a)(2) by failing to insure, in consultation with the
13  National Marine Fisheries Service ("NMFS") and the U.S. Fish and Wildlife Service ("FWS"),
14  that the California Dispersant Plan ("CDP") is not likely to jeopardize the continued existence of
15  ESA-listed species or destroy or adversely modify designated critical habitat;

16  WHEREAS, the dispersants preauthorized for use under the CDP are those that are listed
17  on both the NCP Product Schedule and the State of California's list of licensed spill cleanup
18  agents and currently include the following four products:  COREXIT 9527A, COREXIT 9500A,
19  NOKOMIS 3-AA, and NOKOMIS 3-F4;

20  WHEREAS, the parties have engaged in extensive settlement negotiations regarding
21  Plaintiffs' Second, Third, and Fourth claims for relief and Plaintiffs' claim for attorney fees and
22  costs;

23  WHEREAS, the parties, through their authorized representatives, and without any
24  admission or final adjudication of the issues of fact or law, have reached a settlement that they
25  consider to be a just, fair, adequate, and equitable resolution of Plaintiffs' Second, Third, and
26  Fourth claims for relief and Plaintiffs' claim for attorney fees and costs;

27
28

WHEREAS, the parties agree that settlement of Plaintiffs' Second, Third, and Fourth claims for relief and Plaintiffs' claim for attorney fees and costs in the manner described below is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before January 31, 2014, EPA and the Coast Guard (collectively the "Agencies") shall provide to NMFS and FWS a written request for consultation or request for concurrence, pursuant to 16 U.S.C. § 1536(a)(2) and the consultation procedures set out in Subpart B of 50 C.F.R. Part 402, relating to the CDP. The Agencies retain the discretion to define, as appropriate, the specific scope of the agency "action" (per 50 C.F.R. § 402.02) for purposes of the consultation.

2. The Agencies' written request for consultation described in paragraph 1 shall include a document containing the information specified in 50 C.F.R. § 402.14(c)(1) through 402.14(c)(6). As provided in 50 C.F.R. § 402.14(c)(4), the document shall include a description of the manner in which the action to be considered may affect the ESA-listed species and designated critical habitat identified in Exhibit A (in the case of NMFS) and Exhibit B (in the case of FWS).

3. In preparing the document described in paragraph 2, the Coast Guard and EPA shall consider, without limiting their right to consider other information, the potential import of the following studies:

   I. Zuijdgeest A, M Huettel (2012) Dispersants as Used in Response to the MC252-Spill Lead to Higher Mobility of Polycyclic Aromatic Hydrocarbons in Oil-Contaminated Gulf of Mexico Sand. PLoS ONE 7(11): e50549. doi:10.1371/journal.pone.0050549.

   II. Rico-Martínez, R, TW Snell, TL Shearer (2013) Synergistic toxicity of Macondo crude oil and dispersant Corexit 9500A® to the Brachionus plicatilis species complex (Rotifera), Environmental Pollution, Volume 173, February 2013, Pages 5-10, ISSN 0269-7491, 10.1016/j.envpol.2012.09.024.

III. Kujawinski, EB, MC Kido Soule, DL Valentine, AK Boysen, K Longnecker, and MC Redmond (2011) Fate of Dispersants Associated with the Deepwater Horizon Oil Spill, Environmental Science & Technology 45 (4), 1298-1306.

IV. Paris, CB, M Le Hénaff, ZM Aman, A Subramaniam, J Helgers, D Wang, VH Kourafalou, and A Srinivasan (2012) Evolution of the Macondo Well Blowout: Simulating the Effects of the Circulation and Synthetic Dispersants on the Subsea Oil Transport, Environmental Science & Technology 46 (24), 13293-13302

V Jung, SW, OY Kwon, CK Joo, J-H Kang, M Kim, WJ Shim, Y-O Kim (2012) Stronger impact of dispersant plus crude oil on natural plankton assemblages in short-term marine mesocosms, Journal of Hazardous Materials, Volumes 217–218, Pages 338-349, ISSN 0304-3894, 10.1016/j.jhazmat.2012.03.034.

VI. Goodbody-Gringley G, DL Wetzel, D Gillon, E Pulster, A Miller, et al. (2013) Toxicity of Deepwater Horizon Source Oil and the Chemical Dispersant, Corexit® 9500, to Coral Larvae. PLoS ONE 8(1): e45574.doi:10.1371/journal.pone.0045574.

By agreeing to consider the potential import of the foregoing studies, Defendants do not concede that any of the studies constitute the best available scientific and commercial data regarding the toxicities of dispersants applicable to this consultation. Nor do Defendants concede that any of the foregoing studies constitute the best available scientific and commercial data regarding any other issue that may be addressed during consultation.

4. The Agencies will provide a copy of the document described in paragraph 2 to Plaintiffs within seven days after it has been finalized and provided to the NMFS and FWS.

5. The Agencies' agreement to provide the document described in paragraph 2 does not commit the Agencies to engage in formal consultation with either NMFS or FWS pursuant to 50 C.F.R. § 402.14, as opposed to informal consultation pursuant to 50 C.F.R. § 402.13, with respect to any affected listed species or designated critical habitat. This Agreement also does not

SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
Case No. 3:12-cv-01920-WHA

- 3 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611


1 limit the substantive outcome of the consultation with either NMFS or FWS with respect to any
2 affected listed species or designated critical habitat.

3     6. After providing the written request and supporting information described in
4 paragraphs 1-2 to NMFS and FWS, the Agencies shall make their best efforts to complete the
5 consultation in a timely manner. The Agencies will notify Plaintiffs if the Agencies agree with
6 NMFS or FWS to extend any formal consultation beyond 90 days, provide a brief description of
7 the reason for the extension, and an estimate of when consultation will be complete.

8     7. The Agencies will notify the Plaintiffs upon the completion of the consultation
9 process described in paragraphs 1-2 and provide to Plaintiffs a copy of any resultant document
10 concluding the consultation process and issued under 50 CFR § 402.13(a), in the case of
11 informal consultation, or 50 CFR § 402.14(l), in the case of formal consultation, within seven
12 days after the document has been finalized and provided to the Agencies

13     8. Notwithstanding any provision of this Agreement, Plaintiffs specifically reserve
14 their rights to pursue, at the conclusion of the consultation described above in paragraphs 1-2,
15 any claim not resolved by this settlement, including any claim challenging: (1) any biological
16 opinion or "not likely to adversely affect" determination from NMFS or FWS resulting from the
17 consultation initiated pursuant to paragraphs 1-2; and (2) the Agencies' compliance with ESA
18 Section 7(a)(2) with respect to the CDP. Any such challenge must be brought in a separate
19 action. Defendants reserve any and all defenses they may have to such an action.

20     9. Defendants agree to pay, and Plaintiffs agree to accept, $6,500.00 in full and
21 complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the
22 Endangered Species Act, 16 U.S.C. § 1540, and/or any other statute and/or common law theory,
23 for all attorney fees and costs incurred by Plaintiffs, individually and/or severally, in connection
24 with any aspect of the above-captioned litigation in this Court and any activities preceding the
25 commencement of the litigation.

26     10. Defendants' payment described in Paragraph 9 above will be made by electronic
27 funds transfer to the Center for Biological Diversity.

28

11. Within ten (10) days of entry of an Order of the Court approving this Agreement, Plaintiffs will provide Defendants with the following information necessary for Defendants to process the payment described in Paragraph 9 above by electronic funds transfer: the payee's name, the payee's address, the payee's bank account number, the account type, the name of the payee's bank, the bank routing transit number ("RTN"), and the payee's tax identification number.

12. Defendants agree to submit all necessary paper work for the processing of the payment described in paragraph 9 above to the appropriate office(s) within ten (10) business days of receiving the information necessary for processing the electronic funds transfer described in paragraph 10-11 above.

13. Plaintiffs agree that receipt of the payment described in paragraph 9 above shall operate as a release of any and all claims for attorney fees and costs that Plaintiffs may have against Defendants under any authority with respect to any aspect of the litigation in this Court and any activities preceding the commencement of the litigation. Plaintiffs further agree that any and all claims Plaintiffs may have for such attorney fees and costs are hereby waived.

14. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including hourly rates, in any future litigation, or continuation of the present action. Further, this Agreement has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

15. In the event that any party seeks to modify the terms of this Agreement or believes the other party has failed to comply with any term of this Agreement, the parties shall use the dispute resolution procedures specified in paragraph 16.

16. This Agreement may be modified by the Court, upon good cause shown, by (i) written stipulation between the parties filed with and approved by the Court, or (ii) upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement,

SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
Case No. 3:12-cv-01920-WHA

- 5 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611

the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. The sole relief available for any asserted violation of any term of this Agreement shall be a motion to enforce the terms of this Agreement pursuant to the procedures set forth in this paragraph. The parties agree that contempt of court is not an available remedy for any violation of this Agreement, and the parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation.

17. The parties have entered into this Agreement for the sole purpose of resolving Plaintiffs' Second, Third, and Fourth claims for relief and Plaintiffs' claim for attorney fees and costs. This Agreement was negotiated in good faith and constitutes a settlement of claims that were denied and disputed by the parties. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have. Nothing in this Agreement shall be deemed a precedent or be used as such in any litigation, administrative proceeding, except to the extent necessary to enforce the express terms of the Agreement.

18. Without limiting the scope or effect of the preceding paragraph, no party shall use this Agreement in any other administrative or judicial proceeding as evidence that the ESA requires the Agencies, collectively or individually, to initiate consultation under 16 U.S.C. § 1536(a)(2) with NMFS or FWS on the alleged impacts of any aspect of the Agencies' activities under the NCP. Nor shall any party use this Agreement as evidence that the Agencies, collectively or individually, are required to prepare a biological assessment pursuant to 50 C.F.R. § 402.12 for any aspect of their activities under the NCP. The Agencies, by entering into this Agreement, specifically do not concede that any aspect of their activities under the NCP requires the preparation of a biological assessment pursuant to 50 C.F.R. § 402.12.

SETTLEMENT AGREEMENT
AND [PROPOSED] ORDER
Case No. 3:12-cv-01920-WHA

- 6 -

U.S. Department of Justice
Environment & Natural Resources Division
Washington, D.C. 20044-7611

19. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that the Agencies take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Agencies by the ESA or its implementing regulations, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

20. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that the Agencies are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

21. The terms of this Agreement shall become effective upon entry of an Order by the Court approving the Agreement.

22. Upon approval of this Agreement by the Court, Plaintiffs' Second, Third, and Fourth claims for relief shall be dismissed with prejudice, subject to Plaintiffs' reservation of rights described in paragraph 8 above.

23. It is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the parties.  Each of the parties represents and acknowledges that, in executing this Agreement, it is not relying on, nor has it relied on, any representation or statement made by any of the other parties, their agents, or attorneys with regard to the subject matter, basis, or effect of this Agreement.

24. It is hereby expressly understood and agreed that this Agreement was jointly drafted by the parties.  Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Agreement.

25. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to consent to the Court's entry of the terms and

1 conditions of this Agreement as an enforceable Order of the Court and do hereby agree to the

2 terms herein.  Authorization of an electronic signature shall constitute a valid signature.

3  DATED: May 30, 2013                    Respectfully submitted,

| | |
|---|---|
| */s/ Deirdre McDonnell* | IGNACIA S. MORENO |
| Deirdre McDonnell (Pro Hac Vice) | Assistant Attorney General |
| CENTER FOR BIOLOGICAL DIVERSITY | |
| P.O. Box 19801 |  /s/    Kevin W. McArdle |
| Portland, OR 97280 | KEVIN W. McARDLE, Trial Attorney |
| Phone: (971) 279-5471 | United States Department of Justice |
| Facsimile: (415) 436-9683 | Environment & Natural Resources Division |
| dmcdonnell@biologicaldiversity.org | Wildlife & Marine Resources Section |
| | Benjamin Franklin Station, P.O. Box 7611 |
| Catherine Kilduff (CA Bar No. 256331) | Washington, D.C. 20044-7611 |
| CENTER FOR BIOLOGICAL DIVERSITY | (202) 305-0219 |
| 351 California Street, Suite 600 | Kevin.McArdle@usdoj.gov |
| San Francisco, CA 94104 | |
| Phone: (415) 436-9682 | Attorneys for Defendants |
| Facsimile: (415) 436-9683 | |
| ckilduff@biologicaldiversity.org | |

Attorneys for Plaintiffs Center for Biological Diversity, Surfrider Foundation, and Pacific Environment

## [~~PROPOSED~~] ORDER

The terms and conditions of the parties' SETTLEMENT AGREEMENT set forth above are hereby approved and adopted as an enforceable ORDER of this Court, and Plaintiffs' Second, Third, and Fourth claims for relief are hereby DISMISSED with prejudice.  The Clerk of the Court is directed to close the file in this case.  Judgment will be entered by separate order. The Court will retain jurisdiction over this matter through May 31, 2016.

**IT IS SO ORDERED** this __31_ day of ____May___, 2013

_____
HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE